**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: | ) IN CHAPTER 7 PROCEEDINGS |
| | ) |
| BIG KIDS CD'S & GAMES, INC., | ) BK 09-30011 |
| | ) |
| Debtor(s). | ) |
| | ) |
| | ) |

**APPLICATION TO APPROVE ASSET PURCHASE AGREEMENT**

TO:  HON. KENNETH J. MEYERS, U. S. Bankruptcy Judge

The application of Donald M. Samson, trustee, respectfully alleges:

1. Donald M. Samson is the duly appointed and acting trustee in the above captioned bankruptcy.

2. That among the assets of the estate is debtor's inventory of video games, DVDs and CDs and game systems consisting of, at the time of filing, approximately 749 new and 9,522 used video games, 0 new and 1,180 used DVDs and 892 new and 3,433 used CDs, and 28 game systems with miscellaneous accessories.

3. That Donald M. Samson, trustee, and Judith A. West, mother of Carol Deardeuff, a 50% shareholder in debtor, have entered into an Asset Purchase Agreement, a copy of which is attached hereto. The Asset Purchase Agreement provides for the sale by Donald M. Samson, trustee, of the inventory of video games, DVDs, CDs and game systems for $15,000.00 to be paid in three payments as follows:

   a) $5,000.00 at closing which will be on or before thirty (30) days of Court approval

   b) $5,000.00 on or before thirty (30) days following closing

   c) $5,000.00 on or before sixty (60) days following closing

4. That the Asset Purchase Agreement is subject to approval by the U.S. Bankruptcy Court.

WHEREFORE, Donald M. Samson, trustee, prays that the Asset Purchase Agreement be approved and for such further relief as this Court deems just and equitable.

DATE:  6/4/10

/s/ Donald M. Samson
DONALD M. SAMSON, Trustee
226 W. Main St., Ste., 102
Belleville, IL  62220
618-235-2226

# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT is made as of the ____ day of _____, 2010 (the "Agreement"), by and between DONALD M. SAMSON, Trustee of the Bankruptcy Estate of BIG KIDS CD'S & GAMES, INC., a dissolved Illinois corporation ("Seller"), and Judith A. West, an individual of 1179 East Ferguson Avenue, Wood River, IL 62095 ("**Buyer**").

## RECITALS:

**WHEREAS,** Seller is the Trustee of the Bankruptcy Estate of BIG KIDS CD'S & GAMES, INC., in the U.S. Bankruptcy Court for the Southern District of Illinois (Case No. BK 09-30011) (the "**Estate**"); and

**WHEREAS,** Seller desires to sell, and Buyer desires to purchase, certain assets of the Estate upon the terms and conditions hereinafter set forth.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements hereafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Assets to be Sold. Subject to the terms and conditions hereinafter set forth, Seller hereby agrees to sell, assign, transfer and convey and Buyer hereby agrees to purchase, acquire, assume and accept, the Estate's inventory of video games, DVDs and CDs and game systems consisting of approximately 749 new and 9,522 used video games, 0 new and 1,180 used DVDs and 892 new and 3,433 used CDs, and 28 game systems with miscellaneous accessories (the "Assets").

2. Purchase Price. The purchase price for the Assets shall be Fifteen Thousand Dollars ($15,000.00) (the "**Purchase Price**"), which shall be paid in cash or other immediately available funds by Buyer to Seller as follows: (i) Five Thousand Dollars ($5,000.00) on the date of the Closing, (ii) Five Thousand Dollars ($5,000.00) on the thirtieth (30th) day following Closing; and Five Thousand Dollars ($5,000.00) on the sixtieth (60th) day following Closing.

3. Condition of Assets. Seller is making no representations or warranties with respect to the Assets, and all Assets are being conveyed by Seller to Buyer in its **"AS IS WHERE IS" CONDITION WITH ALL FAULTS.**

4. Condition to Closing. The obligation of Seller to consummate the transactions provided for in this Agreement shall be subject to the entry of an order in the United States Bankruptcy Court for the Southern District of Illinois approving the sale contemplated by this Agreement.

5. Closing. Closing of the sale and purchase of the Assets shall take place no later than thirty (30) days after the date on which an order approving the sale contemplated by this Agreement is entered in the United States Bankruptcy Court for the Southern District of Illinois ("Closing"). At Closing, Buyer shall deliver to Seller the first installment of the Purchase Price

in cash, and Seller shall deliver to Buyer a duly executed Bill of Sale in the form attached hereto as Exhibit "A" conveying to Buyer the Assets sold pursuant to this Agreement. Thereafter, Buyer shall deliver the subsequent payments of the Purchase Price in accordance with Section 2 above. Seller shall execute such further documents and take such further action as is reasonably necessary to carry out the purposes of this Agreement and to allow Buyer to possess the Assets.

6.  Benefit and Assignability. This Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of Seller and Buyer; provided that Buyer may not assign any right, title or interest in or to this Agreement without the advance written consent of Seller and the consent of the United States Bankruptcy Court for the Southern District of Illinois.

7.  Notices. Any and all notices or communications required or desired to be given in connection with this Agreement shall be in writing and shall be deemed to have been duly given, (a) when personally delivered, or (b) when deposited and mailed by first class registered or certified mail, postage prepaid, return receipt requested, to the respective parties as follows, or to such other address as any party may from time to time designate in writing to the other party hereto:

| If to Buyer: | Judith W. West |
| | 1179 East Ferguson Avenue |
| | Wood River, IL 62095 |

| If to Seller: | Donald M. Samson, Trustee |
| | 226 W. Main St., Suite 102 |
| | Belleville, IL 62220 |

A copy of any notice given pursuant to this Paragraph shall be filed in Case No. BK 09-30011 with the United States Bankruptcy Court for the Southern District of Illinois at U.S. Bankruptcy Court, 750 Missouri Ave., E. St. Louis, IL 62201.

8.  Interpretation. This Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate as, nor be construed as, a waiver of any subsequent breach thereof. This Agreement represents the entire agreement between the parties hereto with respect to the transactions contemplated hereby and may be modified only by a subsequent written document executed by the parties hereto. The headings of the Paragraphs of this Agreement are inserted for convenience only and do not constitute a part of this Agreement. In computing the number of days for purposes of this Agreement, all days shall be counted including Saturdays, Sundays and holidays; provided, however, that if the final day of any time period falls on a Saturday, Sunday or holiday, then the final day shall be deemed to be the next day which is not a Saturday, Sunday or holiday.

9.  Risk of Loss. All risk of loss with respect to the Assets to be transferred hereunder shall be with Buyer on the date of Closing.

10. <u>Expenses</u>. Each party hereto shall be responsible for paying the expenses it incurs in connection with this Agreement and the transactions contemplated hereby, whether or not the transactions contemplated by this Agreement are consummated.

11. <u>Counterparts and Facsimile Signatures</u>. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. Signatures may be transmitted via facsimile or other electronic means and the facsimile signature of any party shall be considered valid, binding and effective for all purposes.

**IN WITNESS WHEREOF**, the parties hereto have duly executed this Agreement on the day and year first above written.

"BUYER"                                   "SELLER"

_____                   _____
Judith A. West                            Donald M. Samson, Trustee
                                          Bankruptcy Estate of
                                          Big Kids CD's & Games, Inc.

3